**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
NORTHERN DIVISION

| | | |
|---|---|---|
| MARVIN JONES, et al., | * | |
| | * | |
| | * | |
| Plaintiffs, | * | Civil Action No. MJG-02-2549 |
| | * | |
| v. | * | |
| | * | |
| FORD MOTOR COMPANY, et al., | * | |
| | * | |
| Defendants. | * | |

### MOTION OF DEFENDANT BRIDGESTONE/FIRESTONE, NORTH AMERICAN TIRE, LLC FOR PROTECTIVE ORDER

Bridgestone/Firestone North American Tire, LLC, ("Firestone") a Defendant, submits this

Motion for Protective Order relative to the confidentiality of proprietary materials to be

produced by it herein, and for its reasons states:

1.  This is a products liability case in which it is alleged that a tire manufactured by

Firestone, and pursuant to the specifications of Co-Defendant Ford Motor Company, allegedly

malfunctioned and caused the subject vehicle to rollover.

2.  Plaintiffs' discovery requests seek production of materials reflecting design and

manufacturing specifications of the subject tire.

3.  Certain of these discovery requests would require the production of proprietary and

trade secret materials.  Attached as Exhibit A is the affidavit of John J. Goudie, Jr., which

articulates the basis for claiming propriety and trade secret information and the need for a

Protective Order to protect these confidential documents.

4.  Attached hereto is a proposed Protective Order, the language of which is derived from

the Federal Rules of Procedure and this Court's Local Rules.

5.    Co-Defendants, Bridgestone Corporation and Ford Motor Company have reviewed the attached Protective Order and have advised that they have no objection to its issuance by this Court.

6.    Firestone has attempted to garner the consent of Plaintiffs regarding the Protective Order.  The correspondence between counsel regarding the Protective Order is attached as Exhibit B.  With the exception of one request by Plaintiffs' counsel - to which Firestone was unwilling to agree - the parties essentially agreed upon the language and substance of the order.  Plaintiffs withhold consent unless Firestone agrees to stipulate that any record marked as "confidential" would satisfy the "business records" exception to the hearsay rule.  Firestone takes the position that Rule 5-803(6) applies to records that are the "regular practice" of the company to create and maintain within its  "regularly conducted business activity."  Firestone may well produce documents that it considers confidential proprietary information but that are not the "regular practice" of Firestone to create or maintain.  Plaintiffs' counsel found this position unreasonable and therefore, refused to consent to a Protective Order and instructed us to file this Motion.[1]  *See* Exhibit B.

7.    Accordingly, Firestone respectfully requests that the Court enter the attached

---

[1]  Plaintiffs' counsel assumed that there existed a disagreement concerning the "sharing provision" in the Protective Order.  Firestone initially agreed to permit other attorneys who represent parties in lawsuits involving allegations that the tread, belts or plies separated from P235/75R15 FR480  tires access to the confidential documents produced in this case.  Plaintiffs' counsel stated that this was "inadequate"in that he wanted the sharing provision to include all "common green tires," regardless of size or label.  Plaintiffs' counsel's position is inconsistent, however, as "common green", by definition, means the same *size* tire, but includes  different trade or brand name.  Firestone has no objection to limiting the sharing provision to "common green" tires and the attached Protective Order reflects this position.

Protective Order concerning the production of its confidential proprietary materials.

 

_____

Michael T. Wharton
Michelle R. Callender
Wharton Levin Ehrmantraut & Klein, P.A.
104 West Street, P.O. Box 551
Annapolis, MD 21401-0551
*Counsel for Bridgestone/Firestone North American
Tire, LLC*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this ___ day of September, 2003, a copy of the foregoing was mailed first-class, postage prepaid to:

William D. Kurtz, Esquire
Robert C. Verderaime, Esquire
Verderaime and DuBois
1231 North Calvert Street
Baltimore, Maryland 21202

Tab Turner, Esquire
Turner & Associates, P.A.
4705 Somers Avenue, Suite 100
North Little Rock, Arkansas 72116
*Counsel for the Plaintiffs*

John A. McCauley, Esquire
Venable, Baetjer & Howard, LLP
Two Hopkins Plaza, Suite 1800
Baltimore, Maryland 21201-2978
*Counsel for Ford Motor Company*

Robert E. Scott, Esquire
Semmes, Bowen & Semmes
250 West Pratt Street
Baltimore, MD 21201
*Counsel for Bridgestone Corporation*

_____
Michelle R. Callender

Case 1:02-cv-02549-MJG    Document 25    Filed 09/11/2003    Page 4 of 4