IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

MARVIN JONES, Personal　　　　　　*
Representative of the Estate of　　　　*
Steve Castaneda, deceased, et al.　　　*
　　　　　　　　　　　　　　　　　*
　　　　　Plaintiffs　　　　　　　* Civil Action No. M
v.　　　　　　　　　　　　　　　　*
FORD MOTOR COMPANY, et al.　　　*
　　　　　　　　　　　　　　　　　*
G-02-2549
　　　　　Defendants


AFFIDAVIT OF JOHN J GOUDIE, JR.

JOHN J. GOUDIE, JR., being duly sworn, states as follows:

1.　　　I am an employee of Bridgestone Americas Holding, Inc. ("Firestone") and hold the position of Manager, Product Analysis..

2.　　　I hold a degree in Engineering awarded by Princeton in 1960.

3.　　　I have been employed by Firestone since 1960. Throughout my career, my duties have related to the design, production, and evaluation of Firestone's tire products. Initially, I spent eight years as an engineer in the Tire Development Department in assignments relating to product design and construction, including tire testing, tire performance analysis, and manufacturing process evaluation. I subsequently spent seven years as Technical Manager and Manager of Tire Engineering and Development for Firestone Canada. Later assignments I held included positions in passenger and truck tire engineering in Firestone's International Development Center, various positions related to manufacturing process engineering, and my present assignment in the Product Analysis group.


**EXHIBIT A**

4.     In my thirteen years in the Product Analysis group, I have been responsible for the evaluation of field performance and failure analysis of tires and related products manufactured by Firestone. As a regular part of my duties, I examine, inspect and test tires that are alleged to have failed in some aspect of use.     These examinations include tires involved in litigation and legal claims.

5.     The tire that is the subject of this litigation has been identified as a P225/70R15 FR480 steel belted radial passenger tire bearing Department of Transportation ("DOT") serial number W2UUIMX060 which was manufactured at Firestone's facility in Wilson, North Carolina during the 6th week of 1990 (`the subject tire").

6.     I am familiar with certain documents Firestone is prepared to provide in response to discovery requests in this case, including the same types of documents that were submitted to the National Highway Traffic Safety Administration ("NHTSA") in connection with its Preliminary Evaluation of certain Firestone tires that are not the subject of this lawsuit. These include the following types of documents: (1) specifications and specification changes; (2) adjustment data; (3) production data; (4) test data; and (5) standard practices. These materials can be more fully described as follows:

- Tire specifications and specification changes are a detailed roadmap of the tire's design features, identifying the nature, composition, and dimensions of the components, the sequence and method of assembly, and the curing process;

- Adjustment data reflects Firestone's proprietary customer satisfaction rates based on returned tires and Firestone's internal procedures for the compilation and assessment of such data;

- Production data, when combined with adjustment data, will allow Firestone's competitors to determine Firestone's rate of adjustment for the tires at issue. This

highly sensitive information is closely guarded by Firestone, and if released to the public, would be of great interest to Firestone's competitors;

- The testing data shows the specific performance of the Firestone product and reveals internally developed methods and parameters

- Firestone's standard practices contain the Company's tire building processes and procedures, which Firestone developed over the years at the cost of millions of dollars and thousands of man-hours.

7.    These documents contain proprietary and confidential research and development information. The documents also contain technical data, formulas and other information regarding the design and manufacturing methods, techniques and processes which Firestone uses. The competitive value of this information to Firestone and the harm that would be caused by the release of this information to the public warrant the entry of a protective order.

8.    Firestone has devoted thousands of man-hours and millions of dollars to develop, evaluate and produce the specifications and manufacturing and testing information plaintiff has requested.    The information represents many years of research and development effort on Firestone's part. The information contained in the documents is maintained and protected by Firestone so that it is not publicly or generally known such that its economic value is not available to other persons or companies who could financially benefit from its disclosure.

9.    The tire industry is highly competitive and manufacturers are constantly assessing each other's products and exploring ways to develop or maintain a competitive edge. However, once a tire has been cured, it is not possible to determine the exact nature of its design or manufacture without access to the tire's specification. The information contained in Firestone's specifications and design documents and drawings has been developed through extensive technical study at great expense. These documents would be of great interest to Firestone's competitors. This

information is not disseminated outside Firestone, which takes extensive measures under the circumstances to ensure the secrecy and confidentiality of the documents. Employees of Firestone are required to keep these types of documents confidential, and access to them is limited to specific employees who have a need to use them to perform their job duties.

10.    The information contained in the requested documents would assist a competitor in unfairly evaluating Firestone products. The information would allow a competitor access to Firestone's tire designs, manufacturing methods, and research and development process without the attendant time and expense represented by that process. Disclosure of these documents also would enable competitors to identify and evaluate Firestone's particular performance standards, and the methods by which compliance with those standards is achieved. Disclosure would also give competitors information about the plant equipment and technology used by Firestone to manufacture is products.

11.    The documents and material plaintiff requests also contain information relative to proprietary procedures utilized by Firestone in developing, testing and evaluating the performance of its products.   These procedures are unique to Firestone and, if publicly disseminated, would disclose the methods and criteria employed by Firestone in the development of its tires. That disclosure also could compromise Firestone's competitive position.

12.    The Federal government has formally recognized Firestone's legitimate business interest in maintaining the confidentiality of these types of documents. Many of the documents that were submitted to NHTSA were granted confidential status pursuant to 49 C.F.R. § 512.

Those documents have been appropriately identified with a "confidential" banner.

The foregoing statements are true and correct and based on my personal knowledge.

John J. Goudie, Jr.

Subscribed and sworn  t o
before me this 29th day of
August, 2003

Notary Public

My commission expires:

**Amelia S. Breckenridge**
Notary Public Residence - Portage
State Wide Jurisdiction, Ohio
Commission Expire; December 7, 2006