Page 1

Michelle Callender - RE- GASTANEDA/JONES PROTECTIVE ORDER ISSUE

From: "Tab Turner" <Tab@tturner.com>

To: "Michelle Callender" <MRC@wlekN.com>

Date: 8/21/03 10:15AM

Subject: RE: CASTANEDA/JONES PROTECTIVE ORDER ISSUE

"Same size and type" is not adequate. The key is common green design regardless of size and label. If the tire involved in someone else's
case is a common green design, there should be no problem sharing the information.
If Firestone is taking the position that it wants to mark documents as "confidential business records" but simultaneously take the position that the records are not business records under the hearsay exception, you need to file your motion. In my view, that is not a consistent position and is unreasonable. We'll have to let the judge make that determination.
-----Original Message----

From: Michelle Callender [mailto:MRC@wlekN.com] Sent: Wednesday, August 20, 2003 11:29 AM
To: Tab Turner

Subject: RE: CASTANEDA/JONES PROTECTIVE ORDER ISSUE
Tab,

First, I have conferred with Bridgestone/Firestone re: your requests. Bridgestone agrees to permit disclosure of the (otherwise) confidential materials to attorneys who are involved in litigation involving tires of the same size and type (e.g., P235/75R15 FR480 tires) as involved in this case. Such a provision has been added to the Protective Order - which is attached again for your review.
Second, we will not agree to stipulate that any record that we mark as confidential satisfies an exception to the hearsay rule. No exception to the hearsay rule applies to all "business records." Rule 5-803(6) applies to
records of "regularly conducted business activity" that is the "regular
practice" of the company to create and maintain. We may well produce documents that we consider confidential that are not the "regular practice" of Bridgestone/Firestone to make.
Third- with respect to the affidavit, we will forward an affidavit to you shortly - so long as you are accepting of points 1 and 2 above. Otherwise, the affidavit will be accompany the necessary motion to the Court.
Best regards, Michelle
>>> "Tab Turner" <Tab@tturner.com> 08/08/03 12:25PM >>>

My offer was to avoid a motion, not make you file a motion. As for the
sharing provision, it must include not only lawyers involved in Castaneda, but also other lawyers working on other existing Firestone cases
> For instance, if I have 7 FR480 cases pending across the country, I want the right to have those
> other 6 co-counsel sign the protective order and have access to the information as well.

**EXHIBIT B**

-----Original Message----

From: Michelle Callender [mailto:MRC@wlekN.com] Sent: Friday, August 08, 2003 11:26 AM
To: Tab Turner
Subject: Re: CASTANEDA/JONES PROTECTIVE ORDER ISSUE

Tab,

I am aware that the "appropriate process" is via motion - I simply forwarded to you the proposed protective order to ensure that the terms
were acceptable BEFORE we file the motion.

I have forwarded your request to my client. However, with respect to item no. 2, please see Section I. F. for the definition of "covered persons" - it does include the named parties and named counsel for all parties involved in this litigation.

Michelle

>>> "Tab Turner" <Tab@ttumer.com> 08/08/03 11:45AM >>> As indicated earlier, we received the proposed protective order. Although the appropriate process is a motion for a protective order, that can be skipped upon receipt of the following:

  Affidavit verification of the alleged confidentiality

  The addition of a provision allowing the sharing of documents with other attorneys handling Firestone litigation
"`  A provision recognizing that any materials marked as a confidential business record satisfy the business record exception to the hearsay rule without further proof.

Thanks.


CC:  <wdk vnd@yahoo.com>