LAW OFFICES
## VERDERAIME & DuBois, P. A.

ROBERT C. VERDERAIME
A. HAROLD DuBOIS
WILLIAM D. KURTZ
DUANE A. VERDERAIME

1231 NORTH CALVERT STREET
BALTIMORE, MARYLAND 21202

TELEPHONE
(410) 752-8888

FAX NUMBER
(410) 752-0425

TOLL FREE
1-800-499-4246

October 8, 2003

*OCT - 9 2003*
*CLERK U.S. DISTRICT COURT*
*DISTRICT OF MARYLAND*
*BY*

Clerk,
U.S. District Court for the District of Maryland
Garmatz Federal Courthouse
101 W. Lombard Street
Baltimore, MD 21201

    Re:   Marvin Jones, et al. v. Ford Motor Company, et al.
           Civil Action No.:  MJG-02-2549
           My File No.:      00-24901

Dear Clerk:

    Enclosed herewith for filing in the above-captioned case is Plaintiffs' Response to Motion for Protective Order and Supporting Memorandum.

                             Very truly yours

                             VERDERAIME & DUBOIS, P.A

                     By _/s/ William D. Kurtz_
                            William D. Kurtz

WDK/ns

Enclosure

    Defense Counsel  (by U.S. Mail)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| MARVIN JONES, Personal Representative of the Estate of Steve Castaneda, deceased, et al.<br><br>Plaintiffs<br><br>v.<br><br>FORD MOTOR COMPANY, et al.<br><br>Defendants | *<br>*<br>*  OCT - 9 2003<br>*<br>*  CLERK U.S. DISTRICT COURT<br>*  DISTRICT OF MARYLAND<br>*  Civil Action No.: MJG-02-2549<br>*<br>*<br>*<br>*<br>* |

*********************************************************************

## PLAINTIFFS' RESPONSE TO MOTION
## FOR PROTECTIVE ORDER
## AND SUPPORTING MEMORANDUM

Now comes plaintiff, Marvin Jones, Individually, and as Administrator of the Estate of Steve Castaneda, Deceased, and as Representative of the Wrongful Death Beneficiaries, and for their response to FIRESTONE'S Motion for Protective Order, stating:

ONE

FIRESTONE'S motion should be denied because [a] FIRESTONE has failed to provide sufficient proof of "good cause" for entry of a protective order, and [b] the proposed order submitted by FIRESTONE is unreasonable and overly burdensome

TWO

In an effort to move forward with discovery save resources and promote judicial economy, the Plaintiff has offered to accept a Protective Order without further proof so long as

LAW OFFICES
VERDERAIME
& DUBOIS, P.A.
1231 N. CALVERT STREET
BALTIMORE, MD 21202

(410) 752-8888

certain conditions are met. The following is an excerpt from an August 20, 2003, email from Michelle Callender, counsel for FIRESTONE, reflecting a partial agreement to the terms:

> From: Michelle Callender [MRC@wlekN.com]
> Sent: Wednesday, August 20, 2003 11:29 AM
> To: Tab Turner
> Subject: RE: CASTANEDA/JONES PROTECTIVE ORDER ISSUE
>
> Tab,
> First, I have conferred with Bridgestone/Firestone re: your requests.
> Bridgestone agrees to permit disclosure of the (otherwise) confidential materials to attorneys who are involved in litigation involving tires of the same size and type (e.g., P235/75R15 FR480 tires) as involved in this case. Such a provision has been added to the Protective Order - which is attached again for your review.
>
> Second, we will not agree to stipulate that any record that we mark as confidential satisfies an exception to the hearsay rule. No exception to the hearsay rule applies to all "business records." Rule 5-803(6) applies to records of "regularly conducted business activity" that is the "regular practice" of the company to create and maintain. We may well produce documents that we consider confidential that are not the "regular practice" of Bridgestone/Firestone to make.
>
> Third- with respect to the affidavit, we will forward an affidavit to you shortly - so long as you are accepting of points 1 and 2 above.
> Otherwise, the affidavit will accompany the necessary motion to the Court.
>
> Best regards,
> Michelle

### THREE

As reflected in the aforementioned electronic communication from Ms. Callender, the only remaining dispute centers on the Plaintiffs request that any item marked "confidential business record" by FIRESTONE be deemed "business record" for purposes of the hearsay exception for business records. The Plaintiff believes that it is inconsistent for FIRESTONE to claim an item is a "confidential business record", yet simultaneously reject the notion that the item is a "business record" for purposes of the hearsay rule.

LAW OFFICES
VERDERAIME
& DUBOIS, P.A.
1231 N. CALVERT STREET
BALTIMORE, MD 21202

(410) 752-8888

2

_____
William D. Kurtz, Esquire
Verderaime & DuBois, P.A.
1231 North Calvert Street
Baltimore, MD 21202
(410) 752-888

_____
Tab Turner, Esquire
Turner & Associates, P.A.
4705 Somers Avenue, Suite 100
North Little Rock, AR 72116
(501) 791-2277

Counsel for Plaintiffs

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of October, 2003, a copy of Plaintiff's Response to Motion for Protective Order and Supporting Memorandum was mailed, first class, postage prepaid, to:

John A. McCauley, Esquire
Marina M. Sabett, Esquire
Venable, Baetjer & Howard, LLP
Two Hopkins Plaza, Suite 1800
Baltimore, MD 21201-2978
*Attorney for Defendant Ford Motor Company*

Robert E. Scott, Jr., Esquire
Semmes, Bowen & Semmes
250 W. Pratt Street
Baltimore, MD 21201
*Attorney for Defendant Bridgestone Corporation*

Michelle Callender, Esquire
Wharton, Levin, Ehrmantraut & Klein
104 West Street
P.O. Box 551
Annapolis, MD 21404-0551
*Attorney for Defendant Bridgestone/Firestone North American Tire, LLC*

_____
William D. Kurtz

LAW OFFICES
VERDERAIME
& DUBOIS, P.A.
1231 N. CALVERT STREET
BALTIMORE, MD 21202

(410) 752-8888

3